IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JAMES NISSEN,

    Plaintiff,

vs.                                                                                                                     No. CIV 23-0936 JB/JFR

P.O.T.U.S.,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on (i) the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed October 31, 2023 (Doc. 4)("Application"); and (ii) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 31, 2023, (Doc. 5)("Amended Complaint"). Plaintiff Michael James Nissen appears pro se. For the reasons set out below, the Court will: (i) grant Nissen's Application; (ii) dismiss the claims that Nissen asserts with prejudice for failure to state a claim; (iii) dismiss the Amended Complaint; and (iv) dismiss the case.

## PROCEDURAL BACKGROUND

Nissen initiated this case asking the Clerk of Court for the United States District Court for the District of New Mexico to

> forward the contents of the ex-parte documents to the C.F.O., a.k.a. Honorable William Johnson for a private in chambers meeting to discuss full accounting and recoupment of the fraud perpetrated against the estate/trust from the very first day of conception of the estate/trust of contract trust law, in addition to a private in chambers meeting, other matters of importance must be addressed to clear any further confusion or alleged administrative mishaps, once confirmation with the estate/trust head C.F.O. trustee, in closing, I, as by the documentation and rules of engagement provided to you sir, am required by law to pursue "PATENT INFRINGERS" with the full backing of the united states government/corporation inc, so I do believe its [sic] in your best interest to protect the private interest of the

> estate/trust which is a must for you to do sir by the operation of law set forth under the constitution and laws of the united states in pursuance thereof, sir, I am the principal executive officer granted by the crown royal prerogative and P.O.T.U.S., so I expect you to perform without further delay, act in good faith and in a proper and just manner as directed by the Most High, King of kings Source!

Complaint at 10-12, filed October 19, 2023 (Doc. 1). The Honorable John F. Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, notified Nissen:

> The Complaint fails to state a claim upon which relief can be granted due to the vagueness of the allegations. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Complaint does not identify who did what to Plaintiff, when they did it, how they harmed Plaintiff and what specific legal rights Plaintiff believes they violated. . . . . . .
>
> Plaintiff has not paid the $402.00 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application"). . . .
>
> [1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

Memorandum Opinion and Order for Amended Complaint and to Cure Deficiency at 1-2, filed October 25, 2023 (Doc. 3)("Cure MOO"). Magistrate Judge Robbenhaar ordered Nissen to: (i) file an amended complaint; and (ii) either pay the $402.00 fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

Nissen's Application to proceed in forma pauperis states: (i) his "[a]verage monthly income amount during the past 12 months" was $0.00; (ii) he is unemployed; (iii) he has no assets; and (iv) his estimated monthly expenses total $0.00. Application at 1-5. Nissen signed an "Affidavit in Support of the Application," stating that he "is unable to pay the costs of these

proceedings" and declaring under penalty of perjury that the information he provides in the Application is true.  Application at 1.

Nissen's Amended Complaint names "P.O.T.U.S.," i.e., the President of the United States of America, as the sole defendant and states the following

    A)(1)   Count I: 35 U.S.C. § 296 -- Liability of States, instrumentalities of States, and State officials for infringement of patents.  The list is long and lengthy of which I am sure the Court has complete access

    (2)   Supporting Facts: . . . . . . The list of fraud of 58 yrs of the current estate/trust is to[o] long and in great detail that cannot be expressed within the space allot[t]ed to define the fraud in great detail, I would safely assume that the Court has a complete detailed summary report of this extensive fraud

    B)(1)   Count II: Breach of contract by P.O.T.U.S. for allowing the D.O.I. to perpetrate fraud.

    (2)   Supporting Facts: as stated herein, the list is to[o] long to be written here, as stated I'm sure the Courts can produce this list of infringement of patent.

Amended Complaint ¶¶ A), B), at 3.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

Menefee v. Werholtz, 368 F. App'x. 879, 884 (10th Cir. 2010)(citing Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)).[1] "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x. 667, 669 (10th Cir. 2008)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security

---

[1] Menefee v. Werholtz, 368 F. App'x. 879, 884 (10th Cir. 2010), is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. [. . .] However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Ords. & Judgments, 151 F.R.D. 470 (10th Cir. 1993)). The Court concludes that Menefee v. Werholtz, Scherer v. Kansas, 263 F. App'x. 667 (10th Cir. 2008), Brewer v. City of Overland Park Police Department, 24 F. App'x. 977 (10th Cir. 2002), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents 'with the necessities of life.'" Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (source of quoted material not identified). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) solely because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Department, 24 F. App'x. 977, 979 (10th Cir. 2002)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

---

[2] At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Department, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citing Ragan v. Cox, 305 F.2d 58 (10th Cir. 1962); Martin v. United States, 273 F.2d 775 (10th Cir. 1960)).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d at 1109 (quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing the complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)**

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. A district court should not dismiss a pro se complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'"patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

**LAW REGARDING RULE 12(b)(6)**

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(Brorby, J.). The complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all of the complaint's well-pled factual allegations, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)(Briscoe, J.)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all wellpled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)(McKay, J.)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1216, at 235-236 (3d

ed. 2004); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(Kelly, J.)(emphasis in original). The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(McConnell, J.)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

Although affirmative defenses generally must be pled in the defendant's answer, and not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions. First, a defendant can argue an affirmative defense on a motion to dismiss where the defendant asserts an immunity defense; the courts handle these cases differently than other motions to dismiss. See Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v.

Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d at 1247.  Second, the defendant can raise the defense on a motion to dismiss where the facts establishing the affirmative defense are apparent on the complaint's face.  See Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)(Hill, J.)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule.").  The defense of limitations is the affirmative defense that the complaint's uncontroverted facts is most likely to establish.  See 5 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1277, at 643.  If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6).  See Rohner v. Union P. R. Co., 225 F.2d 272, 273-75 (10th Cir. 1955)(Wallace, J.); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945)(Phillips, J.); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.).

    The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute.  The Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion.  Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(Major, J.)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, the plaintiff must plead facts establishing an exception to the affirmative defense).  It appears that, from case law in several Courts of Appeal, the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by refraining from pleading specific or identifiable dates.  See Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007)(Niemeyer, J.); Hollander v. Brown, 457 F.3d 688, 691

n.1 (7th Cir. 2006)(Ripple, J.). Although the Tenth Circuit has not addressed squarely this practice, the Court has permitted this practice. See Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188 (D.N.M. 2014)(Browning, J.).

## **ANALYSIS**

Having carefully reviewed the Application, the Amended Complaint, and the relevant law, the Court will: (i) grant Nissen's Application; (iii) dismiss Nissen's claims with prejudice for failure to state a claim; (iii) dismiss the Amended Complaint; and (iv) dismiss this this case. The Court will grant Nissen's Application to proceed in forma pauperis, because: (i) Nissen average monthly income during the past twelve months was $0.00; (ii) Nissen is unemployed; and (iii) he signed an affidavit stating that he is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in his Application is true. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life").

The Court will dismiss the claims asserted by Nissen with prejudice for failure to state a claim upon which relief can be granted, because the Amended Complaint does not contain sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")(citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). Instead of setting forth facts in support of his claims, Nissen states "the list [of facts] is to[o] long to be written [in the Amended Complaint]." Amended Complaint at 3. See Ridge at Red Hawk, LLC v. Schneider, 493 F.3d at 1177 ("[T]he mere metaphysical

possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims.")(emphasis in original).

    **IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed October 31, 2023 (Doc. 4), is granted; (ii) Nissen's claims are dismissed with prejudice; (iii) the Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 31, 2023 (Doc. 5), is dismissed; (iv) this action is dismissed; and (v) Final Judgment will be entered.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE

*Parties:*

Michael James Nissen
Albuquerque, New Mexico

    *Plaintiff pro se*